IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

110 SOUTH PERRY, LLC
    Plaintiff,

v.                                              No. 3:23-cv-175

AUTO-OWNERS INSURANCE COMPANY,
    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on the Court's ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT (ECF No. 9). Having considered ECF No. 10, ECF No. 11, and ECF No. 12, and for the reasons set forth below, the Court will NOT REMAND the case to the State court.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff 110 South Perry, LLC ("Perry"), doing business as Petersburg Artistspace Lofts, operates a residential building at 110 South Perry Street in Petersburg, Virginia. Complaint in the Circuit Court for the City of Richmond ("Complaint") at ¶ 19 (ECF No. 1-2). Perry bought an insurance policy from Defendant Auto-Owners Insurance Company ("Auto-Owners"). Complaint at ¶ 6.

In August 2022, Perry suffered substantial property damage after a storm. Id. at 17-18. A large amount of rainwater collected and caused parts of the building to collapse. Id. at ¶¶ 19-20.

Perry reported the damage and filed a claim with Auto-Owners, but Auto-Owners denied it. Id. at ¶¶ 22-24. Perry sued Auto-Owners in the Circuit Court for the City of Richmond for breach of contract and for an appraisal to determine the amount of damages. Id. at ¶¶ 26-36, 37-41.

After timely filing its Answer (ECF No. 1-4), Auto-Owners filed a Notice of Removal with this Court on March 15, 2023 (ECF No. 1). Auto-Owners asserted that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) "as there is complete diversity of citizenship between the Plaintiff and Defendant . . . ." Complaint at ¶ 5. Contemporaneously, and pursuant to Fed. R. Civ. Pro. 7.1 and Local Rule 7.1, Auto-Owners filed a Citizenship Disclosure Form identifying itself as a citizen of Michigan (ECF No. 3).[1] However, Perry's Complaint alleged that, because Auto-Owners is a mutual company of which Perry is a member, "Auto-Owners has the citizenship of its members, including [Perry]." Complaint at ¶ 3. In other words, Perry alleged that Auto-Owners is also a citizen of Virginia, a fact which, if correct, would destroy diversity of citizenship, the asserted basis for subject matter jurisdiction.

Given the conflicting allegations respecting Auto-Owners' citizenship, the Court ordered Auto-Owners to show cause why this

---

[1] Perry, an LLC, filed a Citizenship Disclosure Form identifying its members as all citizens of Virginia (ECF No. 7).

2

case should not be remanded to State court (ECF No. 9). Auto-Owners asserts that, as a mutual company, it is a non-stock corporate entity incorporated under the Michigan Insurance Code ("MIC") and is therefore a corporation for purposes of diversity jurisdiction (ECF Nos. 10, 12). Perry maintains that: (1) Auto-Owners is organized by way of "articles of association" rather than "articles of incorporation"; (2) Auto-Owners self-identifies as a "mutual insurance company" rather than a corporation; and (3) Auto-Owners is organized under the Michigan Insurance Act rather than the Michigan Business Corporation Act. Thus, says Perry, Auto-Owners is not a "true blue" corporation, and the case should therefore be remanded because there is not diversity of citizenship between Plaintiff and Defendant (ECF No. 11).

## DISCUSSION

*Legal Standard and Background*

28 U.S.C. § 1441 authorizes removal jurisdiction. "[B]ecause federal courts are courts of limited subject matter jurisdiction . . . removal jurisdiction must be strictly construed." Bartnikowski v. NVR, Inc., 307 Fed. Appx. 730, 739 (4th Cir. 2009). Therefore, a party seeking adjudication in federal court must, "when challenged, demonstrate the federal court's jurisdiction over the matter." Strawn v. AT&T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008). But, because 28 U.S.C. § 1447(d) provides that

3

remand orders are generally unreviewable, "district courts should be cautious about denying defendants access to a federal forum." Alston v. Balt. Gas & Elec. Co., No. SAG-20-2317, 2020 WL 6684623, at *3 (D. Md. Nov. 12, 2020). § 1441(b) provides that a defendant may remove to district court a state court proceeding from within that district if there is diversity jurisdiction.

28 U.S.C. § 1332(a) grants district courts subject matter jurisdiction over matters between citizens of different states where the amount in controversy exceeds $75,000.[2] 28 U.S.C. §1332(c)(1) provides that "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."[3]

---

[2] Here, neither party disputes that the amount in controversy exceeds $75,000.

[3] The statute makes a relevant exception for insurance companies in some instances. It provides "that in any direct action against the insurer . . . of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of [in addition to its state(s) of incorporation and principal place of business]—

   a) every State and foreign state of which the insured is a citizen . . ." (emphasis added).

If "direct action" applied here, then, it would mean that Auto-Owners is also a citizen of the state in which its members reside, which, as to Perry, would mean Virginia. This would destroy diversity. The "direct action" provision does not apply, however. Congress intended "direct action" to have a narrow meaning. The provision meant to prevent forum-shopping in which state tort litigants sued out-of-state insurers directly, in federal court, for the torts of their insured third-parties. See S. Rep. No. 88-

So, "[w]hile humans and corporations can assert their own citizenship, other entities [like LLCs] take the citizenship of their members." Americold Realty Trust v. Conagra Foods, Inc., 577 U.S. 378, 379 (2016) (emphasis added); see also Capps v. Newmark S. Region, LLC, 53 F.4th 299, 302 (4th Cir. 2022). The statute requires "complete diversity," i.e., no party may share citizenship with any party on the opposing side. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).

Determining an entity's corporate status is therefore vital to determining citizenship and, hence, diversity jurisdiction. Although corporate citizenship is well-established, the Supreme Court of the United States has "firmly resisted extending that treatment to other entities." Carden v. Arkoma Assocs., 494 U.S. 185, 189 (1990). Section 1332(c)(1) governs the citizenship of only "true-blue 'corporations.'" Hawkins v. i-TV Digitalis Tavkozlesi zrt., 935 F.3d 211, 223 (4th Cir. 2019) (citing Carden, 494 U.S. at 187-89). But that does not mean that the term "corporation" has been narrowly defined. "Courts have generally found that all entities denominated as 'corporations,' even entities like professional corporations that differ in important ways from traditional corporations, should be considered

---

1308, at 1-2 (1964); Gateway Residences at Exch., LLC v. Ill. Union Ins. Co., 917 F.3d 269, 272-73 (4th Cir. 2019). So, courts have cabined "direct action" to those cases. This is not one of those cases.

5

corporations for diversity purposes." Id. (citing Hoagland ex. rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 739-43 (7th Cir. 2004)).

The Fourth Circuit has identified the fault line between corporations and other bodies. "To determine whether an entity is a 'corporation' we look to the statute of its formation to see if it is designated as such." Navy Fed. Credit Union v. LTD Fin. Servs., LP, 972 F.3d 344, 354 (4th Cir. 2020) (emphasis added) (citing Carden, 494 U.S. at 189-90). "Only in special circumstances--such as when a foreign corporation lacks a clear domestic analogue--may we look to the structure of an entity to determine whether it classifies as a corporation." Id. n.5 (citing Puerto Rico v. Russel & Co., 288 U.S. 476, 479 (1933)). "[T]he relevant line is between incorporated and unincorporated entities, not 'associations' and 'corporations.'" Id. at 355 (citing Hawkins, 935 F.3d at 222).

The Fourth Circuit has not directly decided whether mutual insurance companies are corporations under their states' laws for diversity purposes. However, all other courts that have considered the question have found mutual insurance companies qualify as corporations. The Supreme Court has at least twice upheld diversity between mutual insurance companies and their out-of-state policy holders. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348 (1961); Lumbermen's Mut. Casualty Co. v. Elbert, 348 U.S. 48 (1954). And

6

several federal courts of appeals have deemed mutual companies to be corporations, applying reasoning similar to that in Navy Federal. E.g., Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co., 859 F.2d 548, 551 (7th Cir. 1988) (Minnesota law . . . provide[s] that mutual insurance companies are incorporated under Minnesota law." (citing Minn. Stat. Ann. § 66A.03)); Kimberly-Clark Corp. v. Factory Mut. Ins. Co., 566 F.3d 541, 548 (5th Cir. 2009) ("Rhode Island has defined a 'mutual insurance company' to 'mean[] a corporation . . . .'" (quoting R.I. Gen. Laws § 27-66-4(9))); see also Postell v. Ryder Truck Rental, Inc., 512 Fed. Appx. 977, 980 (11th Cir. 2013) (finding that a mutual insurance company was a citizen of its state of incorporation and principal place of business).

District courts have decided the issue that way as well. In SNC-Lavalin Constructors Inc. v. Tokio Marine Kiln Ins. Ltd., No. GJH-19-873, 2021 WL 2550505, at *7 (D. Md. June 21, 2021), the court considered the same issue that is presented here.[4] It held that "a domestic mutual insurance company is treated as a corporation for the purposes of diversity jurisdiction." Id. The

---

[4] Although it is true, as Perry argues, that the SNC-Lavalin court "deal[t] with foreign entities" (ECF No. 11, p. 18), it did so by analogizing the foreign entity to a United States mutual company using Navy Federal's two-step test. 2021 WL 2550505, at *7 (citing Navy Federal, 972 F.3d at 345 n.5). Therefore, the question was whether a domestic mutual insurance company is a corporation for the purpose of determining diversity jurisdiction.

District of Maryland also held that there was diversity of citizenship between a mutual company that was "incorporated in Wisconsin" and an individual defendant policy holder who was a citizen of Maryland. Emps. Ins. Of Wausau v. Bond, No. HAR-90-1139, 1991 WL 8431, at *1 (D. Md. Jan. 25, 1991). The Eastern District of Michigan, sitting in the state whose laws are at issue here, did not consider the question a close one. In Dunleavy v. State Farm Fire and Cas. Co., No. 10-13879, 2011 WL 317727, at *5 (E.D. Mich. Feb. 1, 2011), the district court held that "mutual companies are treated as a corporations [sic] for purposes of 28 U.S.C. § 1332 which is discoverable with a modicum of legal research." Likewise, the Northern District of Georgia has held that "mutual insurance companies that are incorporated under state law are treated as corporations under 28 U.S.C. § 1332." Barnett v. Norfolk & Dedham Mut. Fire Ins. Co., 773 F. Supp. 1529, 1531 (N.D. Ga. July 1, 1991). So too have several other district courts.[5]

---

[5] See Lowe v. State Farm Mut. Auto. Ins. Co., No 4:16-cv-135, 2016 WL 9223865, at *1 (N.D. Fla. Apr. 8, 2016) (observing that "[c]ourts have consistently treated mutual insurance companies as corporations for [diversity] purpose[s]."); Abercrombie v. Nationwide Mut. Ins. Co., 999 F. Supp. 660, 661 (D. Md. 1998) ("Defendant Nationwide Mutual Insurance Company ('Nationwide'), an Ohio corporation . . . ."); Lang v. Windsor Mount Joy Mut. Ins. Co., 487 F. Supp. 1303, 1304 n.3 (E.D. Pa. 1980) ("Defendant Windsor Mount Joy Mutual Insurance Company is a Pennsylvania corporation . . . .").

8

Finally, the Michigan Supreme Court has decided that mutual insurance companies are corporations under Michigan law. In <u>Wiltsie v. Standard Acc. Ins. Co.</u>, the court held that the MIC did not afford mutual insurance company policy holders the same rights as shareholders under the Michigan General Corporation Act. 135 N.W.2d 592, 593 (Mich. 1965). Nevertheless, it held that the insurance code "identifies insurance companies established under its provisions as legal entities responsible before the law as are other legally organized corporations."[6] <u>Id.</u>

*Analysis*

Although the Fourth Circuit has not decided the issue as squarely as other courts, its reasoning in <u>Navy Federal</u> is directly analogous to the issue presented here. There, to determine whether Navy Federal Credit Union was a corporation, the Court of Appeals looked to the Federal Credit Union Act ("FCUA"). 972 F.3d at 354. The FCUA specified that a federal credit union "shall be a body corporate." <u>Id.</u> (citing 12 U.S.C. § 1754). Furthermore, under the FCUA, upon becoming a "body corporate" a federal credit union is "vested with all of the powers and charged with all the liabilities conferred . . . upon <u>corporations</u> organized hereunder." <u>Id.</u>

---

[6] See also <u>John Hancock Prop. and Cas. Ins. Cos. v. Blue Cross & Blue Shield of Mich.</u>, 437 N.W.2d 541 (Mich. 1991) (identifying American Community Mutual Insurance Company as "a Michigan insurance corporation . . ."); <u>Smith v. Allendale Mut. Ins. Co.</u>, 303 N.W.2d 702 (Mich. 1981) (identifying Michigan Millers Mutual Insurance Company as "a Michigan Corporation . . .").

9

(quoting 12 U.S.C. § 1754). So, the Court of Appeals explicitly held that bodies corporate are corporations. Id.

When the reasoning of Navy Federal is applied here, the conclusion is that Auto-Owners is a corporation for purposes of determining diversity of citizenship. According to its articles of incorporation, Auto-Owners is organized under Chapters 6, 50, and 52 of the MIC, Mich. Comp. Laws § 500.600 et seq. (1956) (ECF No. 10-1, ¶ 6). § 500.5204 provides that "[a]ll companies formed under the insurance laws of this state shall be deemed bodies corporate and politic . . . and shall be subject to all of the provisions of law in relation to corporations as far as they are applicable" (emphasis added). That language is nearly identical to the FCUA, which the Fourth Circuit held was controlling on the issue of corporate designation in Navy Federal. And, it is consistent with the reasoning in all the other jurisdictions in which the question was considered.

Perry's arguments to the contrary fail to cast doubt on the generally accepted view. First, Perry argues that, because Auto-Owners' charter is entitled "articles of association" rather than "articles of incorporation," it is an unincorporated entity (ECF No. 11, pp. 9-11). But that is a matter of semantics, not substance, because the articles refer to themselves as "articles of association" and "articles of incorporation" interchangeably (ECF No. 10-1, pp. 4-12; ECF No. 10-2). Perry also argues that

10

Auto-Owners' self-identification as a mutual company and not a corporation is dispositive (ECF No. 11, pp. 11-12). But that has never mattered in any of the cases, discussed supra, in which courts held that mutual insurance companies are corporations. And, the argument elevates form over substance.

Second, Perry can draw no comfort from Country Life Insurance, 859 F.2d at 550. Perry says that Country Life held "that Texas law rendered [a] Texas mutual insurance company an unincorporated association . . ." (ECF No. 11, p. 17). That, however, is a misreading of Country Life, which actually held that the company in question was a "'reciprocal insurance association,' a type of unincorporated association," not a mutual company. 859 F.2d at 550.

Third, Perry also mistakenly argues that, because Auto-Owners is organized under the MIC instead of the Michigan Business Corporation Act, it cannot be a corporation, citing to Wiltsie, 135 N.W.2d at 594 (ECF No. 11, pp. 12-15). That comparison is relevant because the Fourth Circuit has instructed that the statute of incorporation is outcome determinative. Navy Federal, 972 F.3d at 354. But Perry's argument misses the mark. Wiltsie only decided that the MIC did not afford appraisal rights to stockholders, not that the insurance company in question was not a corporation at all. "To permit corporate entities coming into being under this specific statute [the MIC] to look to other statutes for what might

11

be lacking in their own existence is to defeat the purpose of the Michigan insurance code . . . ." Wiltsie, 135 N.W.2d at 594 (emphasis added). So, in its holding, the Michigan Supreme Court specifically acknowledged that "corporate entities come into being" under the MIC. Id. And, according to Navy Federal, the real issue that the court decided in Wiltsie (whether a business entity has stockholders needing appraisals or not) is irrelevant to whether that entity is a corporation under its state's laws. Navy Federal, 972 F.3d at 354 n.5.

In short, Perry's argument attempts to split an impossible hair. Perry argues that "the inquiry is not if the mutual company is 'subject to all the provisions of law in relation to corporations,'" quoting the MIC, "nor whether it is deemed a corporation. The inquiry is whether it is a corporation." (ECF No. 11, p. 17). But "for purposes of diversity jurisdiction a corporation is a corporation is a corporation." Cote v. Wadel, 796 F.2d 981, 983 (7th Cir. 1986). Although Perry is correct that "[a]ll doubts as to the propriety of removal are resolved in favor of remand," Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999), there is no doubt that Michigan mutual companies incorporated under the MIC are corporations for the purpose of diversity jurisdiction.

## CONCLUSION

For the reasons set forth above, the Court will NOT REMAND the case to State court.

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 28, 2023

13